### Mary McDonald, Appellee, v. Illinois Central Railroad Company, Appellant.

### Gen. No. 5,643.

1. RAILROADS—*measure of damages for fire.* In an action for damages from fire under section 1½ of the Act of 1874, requiring railroad companies to keep their right of way clear from dead grass, dry weeds and other combustible materials, the measure of damages is not the difference in value of the land before and after the fire, but the extent of the damage done to timber, grasses and fences, etc., without reference to the soil, to the value of the use of the land in the condition it would have been but for the fire.

2. APPEALS AND ERRORS—*weight of testimony not considered where new trial is granted.* Where the trial court has properly refused to direct a verdict for the defendant because there is some testimony tending to support the declaration, but where a new trial must be granted because of error in the measure of damages, the appellate court will not consider the weight of the evidence.

Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 12, 1913.

HODSON & CAMPBELL, for appellant; W. S. HORTON, of counsel.

KERZ & DILLON, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

On March 30, 1910, a fire burned over appellee's farm lands adjacent to appellant's right of way in Jo Daviess county. This action was brought to recover damages for loss thereby occasioned. The case was tried on a declaration counting entirely on section 1½ of the Act of 1874 (Fencing and Operating Railroads), making it the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds, or other dangerous combustible material. The issue presented and tried was whether appellant suffered quantities of combustible material to accumulate and remain on its right of way, by means whereof fire, emitted from an engine of appellant, or of a lessee of appellant, ignited said material and spread upon the farm of appellee, doing the damage complained of which was alleged to be the destruction of certain timber, meadow land, pasture land, fences, and other property of appellee. There was a verdict and judgment for appellee.

There is no question under the evidence but appellee suffered a loss from fire injuring several acres of growing oak timber, several acres of grass land and a fence upon the premises. There was great conflict in the evidence as to the extent of the injury and the amount of damage. There was some evidence tending to show that the fire originated as charged in the declaration. The court did not err

in refusing to direct a verdict for the defendant. But as this case must be tried by another jury, we forbear any discussion of the weight of the evidence.

Appellee's case was tried on the theory that the measure of damages was the difference in value of the land before and after the fire in question. Appellant objected to the evidence based on this theory of the law, and has duly preserved and presented the question for our consideration. Appellee should have proven the extent of the damage done to her timber, meadow land, pasture land and fences injured or destroyed. Although the timber and grasses were a part of the realty they had a value which can be ascertained without reference to the soil on which they stood and the recovery should be of their value and not for the difference in the value of the land before and after such injury or destruction. If, in fact, the growth of grass was prevented, either in the meadow or pasture, the damages were measured by the value of the use of the land in the condition it would have been but for the fire. Some fence posts were burned and the amount of the injury so occasioned can be readily determined by competent evidence directed to the value of the fence and the amount of injury it sustained. The law governing the question of the measure of damages as applied to this case is clearly stated in Jones v. Sanitary Dist. of Chicago, 252 Ill. 591. That decision was not reported until about the time, perhaps after, this case was tried and probably did not come to the attention of the trial judge. It will however, furnish a sufficient guide on the question of the measure of damages in another trial.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*